THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF WASHINGTON, <br><br> Respondent. | CASE NO. C22-0104-JCC-SKV <br><br> ORDER |

This matter comes before the Court on Petitioner John Demos's objections (Dkt. No. 3) to the Report and Recommendation ("R&R") (Dkt. No. 2) of the Honorable S. Kate Vaughan, United States Magistrate Judge, recommending administratively closing this matter. Having thoroughly considered Mr. Demos's objection and the relevant record, the Court hereby OVERRULES the objection, ADOPTS the R&R, and DIRECTS the Clerk to administratively CLOSE the case and STRIKE any pending motions as moot.

I.  BACKGROUND

Mr. Demos seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1.) However, as Judge Vaughan notes, a decades-old court order prevents Mr. Demos from seeking an extraordinary writ under 28 U.S.C. §§ 1651, 2253, or 2254, unless he pays the filing fee. *See Demos v. Stanley*, Case No. MC97-0031-JLW, Dkt. No. 1 at 4 (W.D. Wash. Mar. 13, 1997); *see also Demos v. U.S. Dist. Ct. for E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991), *cert.*

*denied*, 498 U.S. 1123 (1991) (concluding "that it is appropriate . . . to bar the filing of any new petitions seeking extraordinary writs pursuant to 28 U.S.C. §§ 1651, 2253, or 2254 directed at the United States District Courts for the Eastern and Western Districts of Washington"). Judge Vaughan thus recommends administratively closing this matter. (Dkt. No. 2.) Mr. Demos objects. (Dkt. No. 3.)

## II.    DISCUSSION

A district court reviews *de novo* those portions of a magistrate judge's R&R that a party properly objects to. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party does this by timely filing "specific written objections." *See* Fed. R. Civ. P. 72(b)(2). Because this requires *specific* objections, general objections or repeating prior arguments is tantamount to no objection at all. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Garvey v. Uttecht*, 2020 WL 5946157, slip op. at 1 (W.D. Wash. 2020). Considering insufficiently specific objections would essentially involve *de novo* review of the whole report, defeating the purpose of referring matters to the magistrate judge, causing a duplication of time and effort, and wasting judicial resources. *Id.* Thus, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003); *see also Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) (district courts only review *de novo* "those portions of the report and recommendation to which specific written objection is made").

While *pro se* litigants are held to a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that does not excuse them from making proper objections, *see, e.g.*, *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, he is expected to abide by the rules of the court in which he litigates.").

Mr. Demos's objections are insufficient to trigger this Court's reconsideration of Judge Vaughan's legal determinations . He fails to identify any specific errors in the R&R, instead

making conclusory assertions that have little to do with the R&R. (Dkt. No. 3.) Nor is there any indication Demos has since paid the filing fee.

**III.    CONCLUSION**

Accordingly, the Court hereby finds and ORDERS:

(1) Mr. Demos's objections (Dkt. No. 3) are OVERRULED.

(2) The R&R (Dkt. No. 2) is APPROVED and ADOPTED.

(3) The Clerk is DIRECTED to administratively CLOSE this matter and STRIKE any pending motions as moot.

DATED this 5th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE